IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JESSIE EVERETT, | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION |
| | : File No. **7:07-CV-9 (HL)** |
| WARDEN JAMES CAMON, | : |
| Respondent. | : |

**RECOMMENDATION**

Presently pending in this *pro se habeas corpus* petition is respondent's motion to dismiss for lack of exhaustion (doc. 13). Petitioner is challenging his current his detention at the Patten Detention Center on Cook County convictions and sentences for theft by taking, forgery in the first degree, and theft by deception. Petitioner's probation on these convictions was initially revoked on August 2, 2006, and he was ordered to be taken to the Thomasville Diversion Center; however, when Petitioner was deemed unfit to serve out that program, that order was amended to provide that he serve no less than 300 days nor more than 365 days at the Patten Detention Center.

Respondent contends that petitioner never raised the grounds which are the subject of this petition in any state court, and that he has remedies available to him in state court system.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law on April 24, 1996. Section 2254 of the AEDPA provides as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the

> courts of the
> State; or
> (B)(I) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to
> protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
> 4) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Petitioner never filed an appeal of his probation revocation; he has also never filed a motion for an out of time appeal, nor pursued *habeas corpus* relief through state courts pursuant to O.C.G.A. § 9-14-41. Nothing in petitioner's response to the motion to dismiss negates that conclusion.

Therefore, it is the RECOMMENDATON of the undersigned that this petition be dismissed WITHOUT PREJUDICE for petitioner's failure to exhaust state court remedies. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 11th day of January, 2008.

/S/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd